IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT HERRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 16-cv-2936-JDT-tmp |
| CITY OF HOLLY SPRINGS; ) | |
| MARSHALL COUNTY ) | |
| and ) | |
| STATE OF MISSISSIPPI, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

On November 28, 2016, *pro se* plaintiff Robert Herron filed a complaint under 42 U.S.C. § 1983 against the City of Holly Springs, Mississippi, Marshall County, and the State of Mississippi. (ECF No. 1.) Herron also filed a *pro se* motion to proceed *in forma pauperis* on the same day, which the court has granted. (ECF Nos. 2, 6.) The complaint alleges that the defendants have negligently failed to maintain Martin Luther King, Jr. Drive in Holly Springs, Mississippi, and that this alleged failure violates various provisions of Mississippi law.[1] For the reasons described below, the undersigned magistrate

---

[1] In a statement attached to the complaint, Herron alleges that "the judgment entered against him on the charge of improper passing on Martin L. King Jr. Drive in a motor vehicle was unlawful." (ECF No. 1-1). Herron does not provide any other facts or details relating to this alleged unlawful judgment, however, and the relief sought in the complaint does not specifically reference such a judgment.

judge recommends that this case be transferred to the United States District Court for the Northern District of Mississippi in the interest of justice, pursuant to 28 U.S.C. § 1406(a).

In the absence of a restrictive venue provision, 28 U.S.C. § 1391 controls a plaintiff's choice of venue in civil cases. Section 1391(b) provides that:

> A civil action may be brought in-
>
> (1) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matter.

§ 1391(b)(1)-(3).

Congress has enacted several statutory provisions authorizing federal district courts to transfer cases to a different venue. 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Although §§ 1404(a) and 1406(a) contain similar language, they serve distinct functions. Section 1404(a) applies where the plaintiff brings suit in a permissible but inconvenient venue, while § 1406(a) applies when the plaintiff's chosen venue is improper. See Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980). The purpose of § 1406(a) is "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn" and "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).

Based on the facts alleged in Herron's complaint, the Western District of Tennessee is not a proper venue for this case. Indeed, the complaint does not allege any facts indicating that venue lies in this district under § 1391(b). In order for venue to be proper in the Western District of Tennessee under § 1391(b)(1), all of the defendants would need to be residents of the State of Tennessee, with at least one defendant residing within the Western District. The named defendants in this case are the City of Holly Springs,

Mississippi, Marshall County, and the State of Mississippi.[2] There is no allegation in the complaint that any, let alone all, of the defendants reside in Tennessee within the meaning of 28 U.S.C. § 1391(b)(1) and (c)(2).

As to § 1391(b)(2), all of the facts in Herron's complaint involve the condition and maintenance of a road in Holly Springs, Mississippi. The only apparent connection between this case and the Western District of Tennessee is that Herron resides in Memphis, Tennessee. While it is understandable that Herron would like to bring his suit in the judicial district in which he resides, this consideration does not make the Western District of Tennessee a proper venue for this case when none of the relevant events have any connection whatsoever to this district.[3]

Although this district is not a proper venue for this case, venue would be proper in the United States District Court for the Northern District of Mississippi.[4] See § 1391(b)(2). The

---

[2]For purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

[3]Because there is at least one district where this case may otherwise be brought pursuant to 28 U.S.C. § 1391(b)(1) and (2), § 1391(b)(3) is not applicable.

[4]See http://www.msnd.uscourts.gov/maps.

undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the Oxford Division of the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a), and that this case be closed without entry of judgment.[5]  In so recommending, the undersigned does not consider the screening factors in 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), or whether any defendant may be immune from suit.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 1, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[5]Section 1406(a) empowers federal district courts to transfer a case from an improper forum to a proper forum regardless of whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119–20 (6th Cir. 1969) (citing Goldlawr, 369 U.S. at 465).